ESTATE OF FRANCES S. NEWTON, DECEASED, THOMAS H. WARDEN, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Newton v. Commissioner
Docket No. 16617-86
United States Tax Court
T.C. Memo 1990-208; 1990 Tax Ct. Memo LEXIS 227; 59 T.C.M. (CCH) 469; T.C.M. (RIA) 90208; April 24, 1990, Filed *227 Decision will be entered for the respondent. John P. Callahan, for the petitioner. Jeffrey A. Sherman, for the respondent. WHALEN, Judge. WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioner's *228 Federal estate tax in the amount of $ 3,311, and an addition to tax under section 6651(a)(1) in the amount of $ 828. [1] Previously, respondent had assessed and collected an addition to petitioner's estate tax under section 6651(a)(1) in the amount of $ 25,793.25. The sole issue for decision is whether petitioner is liable for the additions to tax under section 6651(a)(1) for failure to file a timely estate tax return. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner is the Estate of Frances S. Newton, who died on January 25, 1982. Petitioner acts by and through its executor, Mr. Thomas H. Warden, the decedent's grandson. At the time the petition was filed, petitioner's legal residence was Encino, California. Mr. Warden is an attorney who is licensed to practice law in the State *229 of California. At the time he was appointed executor, he had practiced law for approximately 11 years. His practice consisted almost entirely of family law matters. He had once represented another estate in probate matters, but no Federal estate tax return had been required in that case. Mr. Warden retained Mr. Ralph Simon, another California lawyer, to represent petitioner in its probate proceedings. Mr. Warden had known Mr. Simon for several years because they shared a suite of offices. Mr. Simon's practice consisted almost entirely of California probate law matters, but did not include Federal estate tax law matters. Mr. Warden did not engage Mr. Simon to render legal advice to petitioner concerning Federal estate tax law, and neither petitioner nor Mr. Warden paid a fee to Mr. Simon for such advice. In his capacity as petitioner's attorney, however, Mr. Simon did render advice concerning California inheritance taxes. This was in accordance with Mr. Simon's usual practice of representing estates only with respect to California inheritance tax matters, and instructing those estates to retain professional representation for all other tax matters. Even though Mr. Warden *230 had little experience in the area of Federal estate tax law, he was aware that a Federal estate tax return had to be filed by reason of the size of the estate. During the summer of 1982, he informally asked Mr. Simon about the due date for filing the estate tax return and for paying the estate tax. Mr. Simon replied that, "to the best of his knowledge," the return and payment of estate tax were due 18 months after the date of the decedent's death. Mr. Simon further told Mr. Warden to verify that information with his accountant. Mr. Warden intended to hire Mr. Warren J. Nelson, a certified public accountant, to prepare the estate tax return. Mr. Nelson had been the decedent's accountant when she was alive, had annually prepared her income tax returns, and was familiar with the assets and income of the estate. Mr. Warden had previously dealt with Mr. Nelson on behalf of the decedent concerning her income tax returns. On January 7, 1983, he contacted Mr. Nelson and employed him to prepare the decedent's Federal estate tax return. Petitioner's Federal estate tax return was filed with the Internal Revenue Service Center in Fresno, California, on June 15, 1983. A partial payment *231 of estate tax in the amount of $ 93,173 was made on petitioner's behalf at that time. Simultaneously, Mr. Warden filed a request on petitioner's behalf for an extension of time to pay the remaining tax due. On June 21, 1983, an additional $ 10,000 was paid to the Internal Revenue Service, representing the balance of the tax computed on the estate tax return. By letter dated July 15, 1983, respondent denied, as untimely, petitioner's request for an extension of time to pay the remaining tax due. Respondent assessed and collected an addition to tax under section 6651(a)(1) for late filing of the return in the amount of $ 25,793.25, and an addition to tax under section 6651(a)(2) for late payment of the tax in the amount of $ 2,579.33. On March 3, 1986, respondent issued a notice of deficiency to petitioner, in which he determined a tax deficiency of $ 3,311 on the ground that the fair market value of the decedent's interest in certain listed securities was higher than the amount reported on the estate tax return. Respondent also determined a corresponding increase in the addition to tax under section 6651(a)(1) in the amount of $ 828. Petitioner concedes its liability for the *232 underlying deficiency in the amount of $ 3,311. However, petitioner asks the Court to find that it is not liable for the addition to tax under section 6651(a)(1) determined by respondent in the notice of deficiency in the amount of $ 828, and to find an overpayment in the amount of $ 25,793.25, consisting of the section 6651(a)(1) addition previously assessed and collected. OPINION Section 6651(a)(1) provides for an addition to tax for failure to file a timely tax return, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." The burden of proof is on petitioner to show that the failure is due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985); Davis v. Commissioner, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). In order to prove "reasonable cause," a taxpayer must show that he exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Sec. 301.6651-1(c)(1), *233 Proced. & Admin. Regs. In order to disprove "willful neglect," a taxpayer must prove that the late filing did not result from "a conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245-246. Only the reasonable cause issue is in dispute here. The decedent in this case, Mrs. Newton, died on January 25, 1982. Her Federal estate tax return was accordingly due to be filed within 9 months thereafter on October 25, 1982. Sec. 6075(a). Petitioner did not file the return by such date nor did it file a timely request for an extension of time to file. In fact, the return was not filed until June 15, 1983, approximately 8 months after the due date. Petitioner concedes that it failed to file a timely tax return but argues that such failure was due to "reasonable cause" within the meaning of section 6651(a)(1) and the regulations thereunder. Petitioner's argument is based on Mr. Warden's claim that he relied upon the legal "advice" of Mr. Simon about the due date for filing petitioner's tax return. Respondent argues that petitioner's reliance upon the attorney's "advice" was unreasonable. He also argues that reliance on legal *234 advice about the due date of a return does not constitute reasonable cause as a matter of law because the advice "concerns mere procedural (filing) assistance rather than substantive legal advice." For the reasons set out below, we agree with respondent's first argument and hold that petitioner failed to establish reasonable cause for the late filing of the subject return. In general, a taxpayer may establish reasonable cause for failing to file a timely return by proving that he reasonably relied on the advice of an accountant or attorney and later found that such advice was erroneous or mistaken. See United States v. Boyle, supra at 250; Estate of Paxton v. Commissioner, 86 T.C. 785, 820 (1986); Ketteman Trust v. Commissioner, 86 T.C. 91, 108 (1986). The rationale for this rule is that a taxpayer is not expected to discern error in the substantive advice of an accountant or attorney. "Ordinary business care and prudence" do not demand that the taxpayer challenge the professional, seek a second opinion, or try to monitor the provisions *235 of the Internal Revenue Code himself. United States v. Boyle, supra at 251. Reliance on professional advice, nevertheless, does not offer a taxpayer wholesale protection against liability for the addition to tax under section 6651(a)(1). See United States v. Boyle, supra. As the Supreme Court has noted, Congress intended to place upon the taxpayer the obligation of ascertaining and meeting the statutory deadline for filing tax returns except in a very narrow range of situations. United States v. Boyle, supra at 249-250. Accordingly, an executor cannot avoid liability for failing to file a timely estate tax return by turning the matter over to his attorney. United States v. Boyle, supra.As the Court held, It requires no special training or effort to ascertain a deadline and make sure that it is met. The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not "reasonable cause" for a late filing under § 6651(a)(1). *236 United States v. Boyle, supra at 252. In reaching the above holding, the Court specifically left open the question which petitioner argues is at issue in this case, namely, whether reliance upon professional advice about the filing deadline constitutes reasonable cause for filing a delinquent return. United States v. Boyle, supra at 251, n. 9. The principal difficulty which we have with petitioner's argument is that we cannot conclude from the facts of this case that any professional "advice" was rendered by Mr. Simon about the due date for the decedent's estate tax return. In fact, we believe the opposite is true. Mr. Simon testified at trial that he had not been retained to advise petitioner about Federal estate tax matters. He testified that Federal estate tax law was a substantive area in which he did not normally practice, and that he received no fee from the estate for advice concerning any Federal estate tax matter. Mr. Simon further testified that he did not intend to give legal advice about the filing deadline for Federal estate tax returns when he spoke to Mr. Warden in the summer of 1982 about the matter. The nature of *237 his remarks to Mr. Warden are consistent with his testimony that he was not rendering legal "advice." Mr. Simon recalled his conversation with Mr. Warden in a declaration under penalties of perjury, introduced as an exhibit in this case, as follows: I had told him that if I recalled correctly, there was some extension of time for the payment of the federal estate tax, from the statutory time from the date of death, and that to the best of my knowledge it was 18 months from the date of death. That he should verify and check with his accountant. Mr. Simon's testimony at trial concerning his conversation with Mr. Warden was essentially the same. Moreover, under these circumstances, it would have been unreasonable for Mr. Warden to rely upon the off-hand comment made by Mr. Simon and we do not believe that he did. Mr. Warden is an attorney and had practiced in the same suite of offices with Mr. Simon for several years before the subject conversation. Mr. Warden certainly knew that Mr. Simon did not normally practice Federal tax law and was aware that he had not retained Mr. Simon to provide legal advice about Federal estate tax matters. Nevertheless, we are asked to believe *238 that Mr. Warden sought Mr. Simon's advice on the matter and accepted such statement without making further inquiry, even though it carried with it the admonition to check with an accountant to verify the filing date. We are also asked to believe that Mr. Warden sought Mr. Simon's advice on the deadline for filing without ever discussing the matter with Mr. Nelson, the accountant who had prepared the decedent's income tax returns for a number of years and with whom Mr. Warden had previously worked. We decline to do so. In view of the above, we conclude that petitioner's failure to timely file its Federal estate tax return was not due to reasonable cause. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect on the date of decedent's death.↩